IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| RANDY CORNELIUS, <br> CAMILLE and EDWARD <br> JOHNSTON, as next friends of <br> CASEY JOHNSTON, <br><br> PLAINTIFFS, <br><br> V. <br><br> THE CITY OF ANDALUSIA, <br> ANDY WILLIS, and KEITH KIPP, <br><br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.: 2:06-cv-312 DRB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ANSWER OF DEFENDANT ANDY WILLIS**

Defendant Anthony Mark Willis, who is identified in the complaint as Andy Willis, answers the complaint as follows:

1. Admitted.

2. Admitted.

3. Willis admits that the City of Andalusia is an incorporated municipality located in Covington County, Alabama. He is not sure what plaintiffs mean by the phrase "subject to the claims made herein," so he denies that allegation.

4. Admitted.

5. Willis admits that Keith Kipp is a game warden residing in Covington County, Alabama. He is not sure what plaintiffs mean by the phrase "subject to the claims made herein," so he denies that allegation.

6. This allegation does not require a response.

7. Willis lacks sufficient information to admit whether Randy Cornelius had a lease for the land. However, he admits that plaintiffs were on land owned by a nonparty and that Cornelius said they were hunting deer.

8. Willis lacks sufficient information to admit or deny this allegation.

9. Denied.

10. Willis admits that Cornelius left the land, but denies that he did anything to prevent him from leaving.

11. Denied.

12. Willis admits that he did not confront Cornelius, but denies the remaining allegations of this paragraph.

13. Denied.

14. Denied.

15. Denied.

16. Willis admits that Cornelius was out of his vehicle and that Johnston remained inside, but denies the remaining allegations of this paragraph.

17. Willis admits that he witnessed part of the incident described in the complaint and that he discussed the matter with Kipp.

18. Admitted.

19. Denied.

20. Willis admits that plaintiffs were permitted to leave the scene of the incident and in fact did so, but he denies the remaining allegations of this paragraph.

21. Willis admits that he knows Kipp and that he leases land across the road from the land where he saw plaintiffs. He also admits that he called Kipp about what he had observed on the land, but denies that the call was for the purpose of having plaintiffs arrested.

22. Denied.

23. Willis incorporates his previous responses.

24. Admitted.

25. Denied.

26. Denied.

27. Willis incorporates his previous responses.

28. Admitted.

29. Denied.

30. Denied.

31. Willis incorporates his previous responses.

32. Denied.

33. Denied.

34. Denied.

35. Willis incorporates his previous responses.

36. Admitted.

37. Denied.

38. Denied.

39. Willis incorporated his previous responses.

40. Denied.

41. Denied.

42. Denied.

43. Willis incorporates his previous responses.

44. Denied.

45. Denied.

46. Denied.

47. Willis incorporates his previous responses.

48. Denied.

49. Willis incorporates his previous responses.

50. Denied.

51. Denied.

52. Willis incorporates his previous responses.

53. Denied.

54. Denied.

### First Defense

The court lacks subject matter jurisdiction over the claims against Willis, or if jurisdiction exists, the court should decline to exercise it.

### Second Defense

The complaint fails to state a claim upon which relief can be granted.

### Third Defense

Under the first amendment to the United States Constitution, Willis has a right

to petition the government for redress of grievances. Therefore, his call to Kipp was constitutionally protected and cannot be the basis for a claim against him.

### Fourth Defense

If plaintiffs suffered and damage or injury (and Willis denies that they did), their damages and injuries were the result of their own conduct.

### Fifth Defense

If plaintiffs suffered and damage or injury (and Willis denies that they did), their damages and injuries were the result of independent, intervening causes, not the result of anything Willis did.

MICHAEL S. BURROUGHS

s/Michael S. Burroughs
Bar Number: ASB-0869-U83M
Attorney for Defendant Anthony Willis
Burroughs & Guin, LLP
P.O. Box 1908
Tuscaloosa, AL 35403-1908
Telephone: (205) 349-5470
Atty. Code: BUR-029
Email: efile@dbtech.net

### CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: J. Scott Hooper, jshooper@knology.net; James H. Pike, jpike@cobb-shealy.com; and via regular mail to: Keith Kipp, Alabama-Forestry Commission Ranger Headquarters, Highway 84 East, Andalusia, AL 36420

s/Michael S. Burroughs