IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| RANDY CORNELIUS, )<br>CAMILLE and EDWARD )<br>JOHNSTON, as next friends of )<br>CASEY JOHNSTON, )<br>            )<br>   PLAINTIFFS, )<br>            ) CASE NO.: 2:06-cv-312 WKW<br>V.          )<br>            )<br>THE CITY OF ANDALUSIA, )<br>ANDY WILLIS, and KEITH KIPP, )<br>            )<br>   DEFENDANTS. ) | |

**MOTION TO STAY PROCEEDINGS**

Defendant Anthony Mark Willis, who is identified in the complaint as Andy Willis, moves the court to stay all proceedings in this case until after September 26, 2006. In the alternative, Willis requests the court to decline to exercise jurisdiction over the state law claims against him and to dismiss him as a defendant so that the case can proceed against the remaining defendants. In support of his motion, Willis states as follows:

1. Willis has been sued in this case for claims that may be covered under an insurance policy issued by The Shelby Insurance Company. Shelby is domiciled in the State of Texas.

2. This case is before the court on the basis of federal question jurisdiction. However, the claims against Willis are based on state law.

3. On June 28, 2006, pursuant to a petition filed by the Texas Department of Insurance, the District Court of Travis County, Texas, determined that sufficient grounds existed to place Shelby into rehabilitation under the Texas Insurance Code. The court entered an order placing Shelby into rehabilitation and appointing a rehabilitator.

4. Under the Texas Insurance Code, the commencement of the rehabilitation case operates as a stay of all pending cases against Shelby. It also operates as a stay of all pending cases against Shelby's insureds for ninety days after the appointment of the receiver. A copy of the applicable section of the Texas Insurance Code is attached as Exhibit A to this motion.

5. The Texas Insurance Code also gives the Texas court the authority to enter stays and injunctions as necessary or appropriate. Pursuant to that authority, the Texas court entered an injunction of all cases against Shelby and a ninety-day injunction of all cases against Shelby's insureds. A copy of the court's order is attached to this motion as Exhibit B.

6. The receiver was appointed on June 28, 2006, and the injunction was entered the same day. Therefore, the automatic ninety-day stay and the ninety-day injunction will both expire on September 26, 2006.

7. The provisions of the Alabama Code dealing with insurance receiverships recognize the enforcement of orders entered by courts in other states having similar receivership provisions. Texas is one such state.

8. Alabama case law supports the enforcement of an injunction entered by another state to enjoin cases against an insurer in receivership and to enjoin for ninety days cases against the insureds of such a company. *Home Ins. Co. v. Montgomery County Commission*, 902 So. 2d 677 (Ala. 2004); *Ex Parte Serio*, 893 So. 2d 1148 (Ala. 2004); *Ex Parte Noble Trucking Company*, 675 So. 2d 356 (Ala. 1996).

FOR THESE REASONS, Willis requests the court to stay all proceedings in this case until after September 26, 2006, or to decline to exercise jurisdiction over the state law claims against him.

MICHAEL S. BURROUGHS

s/Michael S. Burroughs
Bar Number: ASB-0869-U83M
Attorney for Defendant Anthony Willis
Burroughs & Guin, LLP
P.O. Box 1908
Tuscaloosa, AL 35403-1908
Telephone: (205) 349-5470
Atty. Code: BUR-029
Email: efile@dbtech.net

### CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: J. Scott Hooper, jshooper@knology.net; James H. Pike, jpike@cobb-shealy.com; and via regular mail to: Keith Kipp, Alabama-Forestry Commission Ranger Headquarters, Highway 84 East, Andalusia, AL 36420

s/Michael S. Burroughs