IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDY CORNELIUS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:06-cv-312-WKW |
| | ) |
| CITY OF ANDALUSIA, ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS CLAIMS OF CAMILLE AND EDWARD JOHNSTON**

Pursuant to Rules 12(e) and 41(b) of the Federal Rules of Civil Procedure, defendant the City of Andalusia, Alabama, moves to dismiss the claims of Camille and Edward Johnston with prejudice.

Dismissal is appropriate because the Johnstons did not join in the amended complaint, and the claims asserted by the Johnstons in their original complaint have not formally been dismissed.

An order of dismissal is necessary to determine whether the Johnstons' claims are dismissed with or without prejudice. Without an order of dismissal, the preclusive effect of the Johnstons' abandonment of their claims is unclear.

## I. STATEMENT OF THE CASE

Camille and Edward Johnston commenced this action with Randy Cornelius jointly by filing a complaint with the clerk on April 6, 2006. (See Doc. 1.)

On June 15, 2006, the Court ordered Cornelius and the Johnstons to amend their complaint to correct certain deficiencies identified by Keith Kipp

1

and the City in their Rule 12 motions.  (See Doc. 11.)  The Court set an amendment deadline of July 13, 2006.  (See id.)

The Johnstons neither amended their complaint, nor filed a motion to dismiss.  Instead, they tried to withdraw from the lawsuit.  (See Docs. 13 and 14.)  The Court denied their request as moot.  (See Doc. 17.)  There is no rule that allows a party to "withdraw" from a lawsuit.

## II.  APPLICABLE RULES

Rules 12(e) and 41(b) apply to this Motion.  Rule 12(e) governs motions for a more definite statement:

> If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e).

Rule 41 governs dismissal of claims:

> **(a) Voluntary Dismissal: Effect Thereof.**
>
> **(1) By Plaintiff; by Stipulation.**  Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

>**(2) By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
>
>**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(a)-(b).

Based on the Johnstons' expressed desire not to prosecute their claims, and on their failure to comply with the Court's order to amend their complaint, the City moves for an order of dismissal with prejudice under Rule 41(b).

### III. ANALYSIS

The precise character of the Johnstons' disengagement from this action is unclear. There remains an unresolved question about the preclusive effect of the Johnstons' abandonment of their claims.

The Johnstons did not join Randy Cornelius in amending the original complaint. As to the Johnstons, the claims in the original complaint arguably remain pending without amendment or order of dismissal. (The Court did not dismiss the original complaint; it merely ordered the plaintiffs to amend it.)

Because the City and Andy Willis filed answers to the original complaint, the Johnstons cannot dismiss their claims unilaterally.  <u>See</u> Fed. R. Civ. P. 41(a)(1)(i).

The Johnstons' claims could be dismissed by stipulation of all parties under Rule 41(a)(1)(ii), by order of the Court under Rule 41(a)(2), or by order of the Court under Rule 41(b).  The City moves for an order of dismissal under Rule 41(b).

A Rule 41(b) dismissal is appropriate, first, based on the Johnstons' expressed desire not to prosecute their claims and, second, based on their failure to comply with the Court's order to amend.

## IV.  <u>CONCLUSION</u>

WHEREFORE, the City of Andalusia, Alabama, moves to dismiss the Johnstons' claims with prejudice under Rules 12(e) and 41(b).

/s/ James H. Pike
James H. Pike  (PIK003)
Attorney for Defendant
The City of Andalusia, Alabama

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@cobb-shealy.com

**CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on July 24, 2006, I electronically served a copy of this document upon:

J. Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, Alabama  36123-0894

Michael S. Burroughs
Burroughs & Guin, L.L.P.
P.O. Box 1908
Tuscaloosa, Alabama  35403-1908

William A. Gunter, IV
Alabama Department of Conversation and Natural Resources
64 North Union Street, Suite 474
Montgomery, Alabama  36130

**/s/ James H. Pike**
James H. Pike