IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDY CORNELIUS, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 2:06-cv-312-WKW |
| | ) |
| CITY OF ANDALUSIA, ALABAMA, et al., | ) |
| | ) |
|     Defendants. | ) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant the City of Andalusia, Alabama, supplements its memorandum in support of its motion to dismiss to identify a recent Alabama Supreme Court decision that modifies Alabama's doctrine of State-agent immunity. The modification does not affect the merits of the City's motion.

**I. CHANGE IN THE LAW**

On July 24, 2006, the City filed a motion to dismiss the claims of Randy Cornelius and a supporting memorandum. (See Docs. 19 and 20.) Four days later – on July 28, 2006 – the Alabama Supreme Court announced its decision in Hollis v. City of Brighton, No. 1040073, 2006 WL 2089919 (Ala. July 28, 2006).

Hollis modified the fourth category of immunity under Ex parte Cranman to reconcile it with Alabama Code section 6-5-338(a) (1975). The City's memorandum quoted the old Cranman standard. (Doc. 20 at 10.) Although it does not change the outcome, the new standard actually governs the City's motion.

1

**A. Old Category (4)**

Before Hollis, the fourth Cranman category held:

> A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's … (4) exercising judgment *in the enforcement of the criminal laws of the State*, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons.

Ex parte Cranman, 792 So. 2d 392, 405 (Ala. 2000) (emphasis added).

The old Cranman formulation of peace officer immunity did not match the scope of peace officer immunity enacted by Alabama's legislature:

> Every peace officer … shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct *in performance of any discretionary function* within the line and scope of his or her law enforcement duties.

Ala. Code § 6-5-338(a) (1975) (emphasis added).

Although section 6-5-338 grants immunity for the performance of *any discretionary function* within the line and scope of law enforcement duties, the old Cranman standard limited immunity to activities undertaken in *the enforcement of criminal laws*. In reality, the enforcement of criminal laws is only a subset of law enforcement duties.

The old Cranman standard denied immunity for law enforcement duties unrelated to the enforcement of criminal laws. Such duties include investigating traffic accidents, directing traffic, controlling crowds, and assisting stranded motorists.

The new category (4) embraces the full spectrum of law enforcement duties and reconciles the Cranman standard with section 6-5-338(a).

**B. New Category (4)**

After Hollis, category (4) now reads:

> A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's ... (4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons, *or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6-5-338(a), Ala. Code 1975.*

Hollis v. City of Brighton, No. 1040073, 2006 WL 2089919, at *8 (Ala. July 28, 2006) (emphasis added).

As discussed, Section 6-5-338(a) extends peace officer immunity to the performance of any discretionary function within the line and scope of a law enforcement officer's duties. The Hollis reformulation of category (4) brings the Cranman standard in line with section 6-5-338(a).

## II. APPLICATION TO THIS CASE

The modification is noteworthy because the City's original memorandum quoted the old standard. Although the new standard actually applies to this case, the change does not affect the merits of the City's motion.

The Plaintiff alleges the City's unnamed police officers committed various torts during their response to a citizen's report of an alleged crime. Because the Plaintiff's allegations relate to police conduct in the enforcement of criminal laws, the original category (4) was broad enough to confer immunity upon the officers.

### III.  CONCLUSION

A new legal standard for State-agent immunity applies to the Plaintiff's state law claims, but does not affect the merits of the City's motion to dismiss.

/s/ James H. Pike
James H. Pike  (PIK003)
Attorney for Defendant
The City of Andalusia, Alabama

OF COUNSEL:

COBB, SHEALY, CRUM, DERRICK & PIKE, P.A.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@cobb-shealy.com

### CERTIFICATE OF SERVICE

I, James H. Pike, certify that on August 2, 2006, I electronically served a copy of this document upon:

J. Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, Alabama  36123-0894

Michael S. Burroughs
Burroughs & Guin, L.L.P.
P.O. Box 1908
Tuscaloosa, Alabama  35403-1908

William A. Gunter, IV
Alabama Department of Conservation and Natural Resources
64 North Union Street, Suite 474
Montgomery, Alabama  36130

/s/ James H. Pike
James H. Pike