IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| RANDY CORNELIUS, et al ) | |
| ) | |
| ) | Case No.: 2:06 cv 312- WKW |
| **Plaintiffs,** ) | |
| ) | |
| V. ) | |
| ) | |
| CITY OF ANDALUSIA, ALABAMA et al. ) | |
| ) | |
| **Defendants.** ) | |

### KIPP'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Keith Kipp (hereinafter "Kipp") respectfully submits this brief in support of his motion to dismiss the complaint:

**Standard of Review**

The United States Supreme Court has stated that: "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). All well-pleaded facts in plaintiffs' complaint and all reasonable inferences drawn from those facts are taken as true. *See, e.g., Stephens v. Department of Health and Human Servs.* 901 F.2d 1571, 1573 (11th Cir.1990).

A civil rights complaint is subject to dismissal under F.R.C.P. Rule 12(b)(6), however, when its allegations fail to meet the heightened pleading requirements in such cases. *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003) ; *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1022 (11th Cir. 2001).

**Factual Allegations:**

On the afternoon of November 13, 2004, plaintiff Randy Cornelius and Casey Johnston, were deer hunting on certain land near Andalusia, Alabama leased by Cornelius. After sundown, the two met at Cornelius' car and attempted to drive away from the property but were prevented from doing so by defendant Andy Willis who had blocked the exit with his truck. (Doc.16, paragraphs 5-7). Willis belonged to a group of hunters who leased property across the road from Cornelius' leased land. (Doc.16, paragraph 19)  Cornelius was able to exit the property by driving around Willis' truck onto the public road whereupon he began driving toward Andalusia. Willis, shining his bright lights, closely followed Cornelius.  Cornelius stopped his car, got out and attempted to approach Willis' truck. (Doc.16, paragraphs 8-10) Wills would not "confront" Cornelius and began backing up his truck. (Doc.16, paragraph 10) At some point, Willis made a cell phone call to defendant Keith Kipp (Doc.16, paragraph 19)   who was a "game warden" employed by the State of Alabama (Doc.16, paragraphs 4) and who was a friend and hunting companion of Willis. (Complaint-paragraph 21) Willis made a false report to Kipp (Doc.16, paragraphs 44-45) for the purpose of having Cornelius arrested (Doc.16, paragraph 19).

After entering the city limits of Andalusia, Cornelius encountered a roadblock of "police cars" with their blue lights on. The policemen had their weapons drawn and pointed at Cornelius and they ordered him to exit his vehicle and place his hands on his head. (Doc.16, paragraphs 11-13) Cornelius asked why this was happening whereupon the police "intensified their demands" that he comply. (Doc.16, paragraph 14) Cornelius was afraid that he would be shot by the police and complied with their demands. Kipp placed Cornelius in handcuffs and made him bend over the trunk of his car for "about one hour."  Johnston remained in the vehicle on the passenger side

while the police searched the vehicle. (Doc.16, paragraph 14) Cornelius was questioned about his authority to hunt on the land "mentioned herein.' (Doc.16, paragraph 16) Kipp removed the handcuffs from Cornelius and he was allowed to leave. (Doc.16, paragraph 17)

**I. § 1983 Claims**

The plaintiff's complaint is due to be dismissed under F.R.C.P. 12(b)(6) because it fails the heightened pleading requirements of civil rights cases, especially where qualified immunity is asserted by the defendant. In *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003) the court averred as follows:

> "In examining the factual allegations of the complaint, we must keep in mind the heightened pleading requirements for civil rights cases, especially those involving the defense of qualified immunity. *GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir.1998). In such cases, the complaint must allege the relevant facts "with some specificity." *Id.* "[M]ore than mere conclusory notice pleading is required···· [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir.1984); *see also Veney v. Hogan,* 70 F.3d 917, 922 (6th Cir.1995) (holding that complaint must "include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity"). Moreover, in reviewing a motion to dismiss, we need only accept "well-pleaded facts" and "reasonable inferences drawn from those facts." *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir.1992). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16 (11th Cir.2001). We must also keep in mind the fact that "[w]e generally accord ··· official conduct a presumption of legitimacy." *United States Dep't of State v. Ray,* 502 U.S. 164, 179, 112 S.Ct. 541, 550, 116 L.Ed.2d 526 (1991)."

On June 15, 2006, this court ordered the plaintiff to "correct the defects outlined in the defendant's motion [for more definite statement]; specifically, the amended complaint shall state: (a) whether the defendant Kipp is sued in his official or individual capacities or both; (b) additional facts regarding defendant Kipp for the purpose of determining whether he is entitled to qualified immunity…" (Doc. 11, paragraph 1). Thereafter, on July 13, 2006, the plaintiff filed his amended complaint. (Doc.16). As will be shown below, the amended complaint failed to comply with the court's order regarding defendant Kipp's capacity and failed to comply with the

court's order to state additional facts regarding Kipp for the purpose of determining qualified immunity.

The amended complaint is just as murky regarding Kipp's capacity as the original complaint. Kipp's description as a party in paragraph 4 of the amended complaint is identical to paragraph 5 of the original complaint. In the relief demand of Count One of the amended complaint, plaintiff demands punitive damages against "Kipp acting individually." In Count Four of the amended complaint, however, plaintiff alleges that Kipp and the Andalusia policemen "were acting in an official capacity as trained policemen employed by Defendant City of Andalusia and the State of Alabama." Count Six of the amended complaint alleges that Kipp and Willis acting in their individual capacities "did intentionally and willfully act against plaintiff in a calculated manner to cause harm… to plaintiff." Count Seven alleges that Kipp acted in an individual capacity and as an employee of the State of Alabama. Thus the plaintiff failed to comply with the court's order regarding specifying the capacity in which Kipp is sued.

Furthermore, plaintiff failed to comply with the court's order to state additional facts bearing on Kipp's entitlement to qualified immunity. Paragraph 21 of the original complaint alleged as follows:

"It was later discovered that Defendants Willis and Kipp were close friends and did hunt together on a regular basis. Willis belongs to a group of hunters that leases land across the road from the leased land by Cornelius, and that defendant made a cell phone call to Kipp for the purpose of arresting plaintiffs."

Paragraph 19 of the amended complaint only added that Willis and Kipp "have a confidential relationship" but is otherwise identical. This amended count is vague, conclusory and silent as to the contents of the call or as to any factual basis for the allegation.

Paragraph 44 of the amended complaint is virtually identical to paragraph 50 of the original complaint and still fails to allege any facts as to the contents of the report or why it was

"false". All pertinent allegations against Kipp are not well pleaded but are instead, vague, conclusory, or lack specificity and are thus proper for dismissal under F.R.C.P. 12(b)(6).

**II. State Law Claims.**

The court should decline to exercise supplementary jurisdiction over plaintiff's state law claims. Since the plaintiff's § 1983 claims are due to be dismissed for failure to state a claim, the court should exercise its discretion to also dismiss the pendent state law claims. This policy has been encouraged by the Eleventh Circuit. See *Shortz v. United Parcel Service, 179* Fed.Appx.. 644, FN 1, (11th Cir. 2006).

**CONCLUSION**

For all of the above noted reasons, Kipp respectfully moves the court to dismiss the complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ William A. Gunter
_____
William A. Gunter (GUN005)
Deputy Legal Counsel for Kipp

Alabama Department of Conservation
and Natural Resources
Room 474
64 North Union Street
Montgomery, AL 36130
(334) 242-3254 (Office)
(334) 242-3167 (Fax)
William.Gunter@dcnr.alabama.gov (e-mail)

## CERTIFICATE OF SERVICE

      I hereby certify that on November 16, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, Alabama 36123-0894

Michael S. Burroughs
Burroughs & Guin, L.L.P.
P.O. Box 1908
Tuscaloosa, Alabama 35403-1908

James H. Pike
Cobb, Shealy, Crum & Derrick, P.A.
P.O. Box 6346
Dothan, Alabama 36302-6346

                                                Respectfully submitted,

                                                _s/ William A. Gunter_
                                                William A. Gunter (GUN005)