IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| RANDY CORNELIUS, | § | |
| | § | 2006 DEC -4 P 4 11 |
| PLAINTIFF | § | JURY TRIAL DEMANDED |
| | § | CASE NO. MIDDLE DISTRICT ALA |
| VS | § | CV No. __2:06-cv-312__ |
| THE CITY OF ANDALUSIA; | § | |
| ANDY WILLIS; and KEITH KIPP | § | |
| DEFENDANTS | § | |

## OBJECTION TO MOTION TO DISMISS

COMES Now the Plaintiff, by and through counsel, and objects to the dismissal of Defendant Keith Kipp and shows unto this Honorable Court as justification for this objection as follows:

### QUALIFIED IMMUNITY

Defendant Kipp seeks dismissal in this matter claiming Qualified Immunity for his position as a Game Warden, a position identical to a policeman. Plaintiff relies on 51 F. 3d 988; Swint v City of Wadley, Ala. wherein the Court addressed these certain issues.

As to Qualified Immunity, [The denial of qualified immunity is a question of law to be reviewed de novo. Hardin v. Hayes, 957 F.2d 845, 848 (11th Cir.1992). In addition, "when a defendant moves for summary judgment based on the doctrine of qualified immunity, the court must view the facts in the light most favorable to the plaintiff." Id. The rudiments of the qualified immunity defense are well established:
When a plaintiff sues a municipal officer in the officer's individual capacity for alleged civil rights violations, the plaintiff seeks money damages directly from the individual officer. If sued "individually," a municipal officer may raise an affirmative defense of good faith, or "qualified," immunity.]

**In this case the good faith or qualified immunity defense fails as there must be some probable cause for the arrest.** [Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. The Fourth and Fourteenth Amendments protect the "legitimate expectations of privacy" of persons, not places.]

**The facts in this case supported by Plaintiff's affidavit, show that Defendant Kipp received a call from his hunting buddy, Wills, and based on Willis' assertion, Plaintiff was "poaching" on land next to the land upon which Willis and Kipp hunt on a regular basis.**

**In fact, Plaintiff had a legal right to be on the land in question as he leased the premises for hunting purposes. Defendant Kipp had no probable cause as there was no complaint from the property owner concerning the actions of Plaintiff and Willis was acting as a jealous licensee of a hunting club on different land next to the land of the Plaintiff's land.**

**There was no evidence that Plaintiff did anything wrong, illegal, or any other event that should rise to probable cause for an arrest.**

**Defendant Kipp has a close relationship with Co-Defendant Willis and Defendant Kipp had no probable cause to detain, arrest, or seize Plaintiff. Defendant Kipp, summoned the City of Andalusia Police with armed and deadly force, did detain, seize, and arrest Plaintiff.**

**Without probable cause, Plaintiff's Fourth and Fourteenth amendment rights have been violated by Defendants.**

**Defendant's motion to dismiss should be DENIED.**

/s/J. Scott Hooper
**Attorney for Plaintiffs**

*J. Scott Hooper* (signature)

J. Scott Hooper

of counsel:
The Hooper Law Firm, PC
P.O. Box 230894
Montgomery, AL 36123-0894
334-271-1555 Office
334-271-1552 Facsimile
jshooper@knology.net

## CERTIFICATE OF SERVICE

I, J. Scott Hooper, hereby certify that on July 13, 2006, I filed this motion with the clerk of this court and the clerk electronically served a copy of this document upon:

| | |
|---|---|
| James H. Pike | jpike@comm-shealy.com |
| Michael S. Burroughs | efile@dbtech.net |
| William A. Gunter | william.gunter@dcnr.alabama.gov |
| J. Scott Hooper | jshooper@knology.net |