IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDY CORNELIUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-00312-WKW |
| ) | [wo] |
| CITY OF ANDALUSIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Defendant City of Andalusia's ("Andalusia") Motion to Dismiss (Doc. # 19) and Defendant Keith Kipp's ("Kipp") Motion to Dismiss (Doc. # 25). For the reasons that follow, Andalusia's motion is due to be GRANTED in part and DENIED in part. The court RESERVES ruling on Kipp's motion to dismiss..

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Randy Cornelius ("Cornelius") filed a complaint against Andalusia, Kipp, and Andy Willis ("Willis"), claiming that he was improperly detained by the police in Andalusia. Cornelius's complaint includes allegations that the defendants collectively violated his civil rights under 42 U.S.C. § 1983, his Fourth Amendment rights under the Constitution, and his Fourteenth Amendment rights under the Constitution. Additionally, Cornelius claims that Andalusia is vicariously liable for its officers' negligent acts and directly liable for its own negligent failure to train its officers. Cornelius also brings claims for willfulness and wantonness against Willis and Kipp.

For purposes of a motion to dismiss, the court must accept the following facts as true. Cornelius was hunting with his friend Casey Johnston ("Johnston"), on November 13, 2004, on land he leased near Andalusia.[1] (Am. Compl. ¶ 5.) When Cornelius and Johnston finished hunting, they tried to leave the property but found a truck blocking the exit to the road. Cornelius did not know the person driving the truck but later learned that it was Willis. Cornelius asked Willis to move, but he refused. (*Id.* ¶ 7.) Cornelius drove through a ditch to leave the property, and once on the road he headed south in the direction of Andalusia. (*Id.* ¶ 8.) Willis followed Cornelius closely, shining his truck's bright lights, which made it difficult for Cornelius to see the road. (*Id.* ¶ 9.) At one point Cornelius stopped driving, exited his truck, and tried to approach Willis's truck, but Willis refused to talk to him. (*Id.* ¶ 10.)

As Cornelius reached Andalusia's city limits, he encountered a police roadblock set up by Andalusia police officers stretched across the entire road.[2] (*Id.* ¶ 11.) The police cars had their lights flashing, and the officers had their weapons drawn and pointed at Cornelius and Johnston. (*Id.* ¶¶ 11-12.) An officer demanded Cornelius exit the vehicle and place his hands on his head. Cornelius, fearing for his life, complied with the police demands. (*Id.* ¶ 12.) Kipp, a game warden employed by the State of Alabama, was also on the scene. Kipp

---

[1] Casey Johnston's parents, Edward and Camille Johnston, joined the original complaint suing as Casey's next friend. The Johnstons were later voluntarily dismissed from this action, leaving Cornelius as the sole plaintiff. (Doc. # 32.)

[2] Cornelius does not know the identity of the Andalusia police officers who established the roadblock.

approached Cornelius, placed handcuffs on him, and made him bend over the trunk of a vehicle.³ During this time, the police searched Cornelius's vehicle, and Kipp questioned Cornelius about his authority to be on the land where he had hunted. (*Id.* ¶ 14.) While this occurred, Willis arrived at the scene and spoke with Kipp. (*Id.* ¶ 15.) After an hour, Cornelius was released and allowed to leave. (*Id.* ¶ 17.) No charges were filed against Cornelius.

Cornelius alleges that Willis made a phone call to Kipp about Cornelius hunting on the land so that Kipp would arrest Cornelius. Willis and Kipp are close friends who leased land across the road from where Cornelius leased land and hunted. (*Id.* ¶ 19.)

On April 6, 2006, Cornelius filed his original complaint. On April 28, 2006, Kipp filed a motion for a more definite statement (Doc. # 4), claiming the complaint was unclear as to whether he was sued in an individual capacity, official capacity, or both. Kipp also requested more information about the phone call Willis made to Kipp about Cornelius because Kipp claimed he needed more facts since he intended to raise a defense of qualified immunity. On April 29, 2006, Andalusia filed a motion to strike (Doc. # 6) because the complaint included fictitious party pleading and because Cornelius sought punitive damages. On May 2, 2006, this court entered a show cause order (Doc. # 8) directing Cornelius to explain why the pending motions should not be granted. Cornelius never responded to this motion, and the court granted both motions. (Doc. # 11.)

---

³ It is unclear from the complaint if Cornelius was made to bend over his own vehicle or Kipp's vehicle. (*See* Am. Compl. ¶ 14.)

On July 13, 2006, Cornelius filed his amended complaint (Doc. # 16) with the allegations set forth above. In the amended complaint, Cornelius removed the fictitious party pleading and punitive damages claims. Defendants Andalusia and Kipp have each filed a motion to dismiss the amended complaint. (Docs. # 19 & # 25.) Cornelius filed a response to Kipp's motion to dismiss (Doc. # 29) but not to Andalusia's. Both of these motions are ripe for review.

## II.  STANDARD FOR DISMISSAL

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1964-65 (citations omitted); *see also Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (stating that the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff).

## III.  DISCUSSION

*A.    Andalusia's Motion to Dismiss*

Andalusia contends that Cornelius's claims against it are due to be dismissed. The

court does not have the benefit of Cornelius's response to Andalusia's argument because he never filed one.[4]

### 1. Count One: § 1983 Claims

In count one, Cornelius claims the defendants violated the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 when they used deadly force against him. The Supreme Court first recognized municipal liability under § 1983 in *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). However, a municipality is liable only when the violation of civil rights occurred pursuant to a municipal custom or policy. *Id*. A city cannot be held liable under § 1983 based on a theory of respondeat superior; there must be a direct link between the government's policy or custom and the injury. *Snow ex rel. Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1270-71 (11th Cir. 2005).

While a complaint alleging a § 1983 claim against a city is not subject to the heightened pleading requirement applied to other § 1983 actions, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A § 1983 complaint against a municipality that does not allege the injury occurred pursuant to a formal or informal municipal policy is due to be dismissed. *See Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1339 (M.D. Ala.

---

[4] Failure to respond to a motion to dismiss without more does not warrant the draconian remedy of dismissal of the plaintiff's complaint. *See Betty K Agencies v. M/V Monada*, 432 F.3d 1333, 1339-40 (11th Cir. 2005).

2007). Cornelius's § 1983 claims against Andalusia are due to be dismissed because Cornelius does not allege the deprivation of his rights occurred pursuant to a custom or policy of Andalusia.

### 2. Counts Two and Three: Fourth and Fourteenth Amendments

In counts two and three, Cornelius brings claims against Andalusia directly under the Fourth and Fourteenth Amendments. A § 1983 action is the proper vehicle for a plaintiff to bring a federal claim against a state actor for violation of a constitutional right. *See Dollar v. Haralson County, Ga*, 704 F.2d 1540, 1543 (11th Cir. 1983) (noting that § 1983 functions to give rise to a private cause of action for constitutional deprivations). Because municipalities are state actors for § 1983 purposes, these two counts are due to be dismissed since Cornelius cannot sue a state actor directly under these amendments.

### 3. Count Four: State Law Claim of Negligence

In Count Four, Cornelius claims Andalusia is liable for negligence because its police officers acted negligently when they seized him and used excessive force in detaining him. Andalusia argues that it is immune from liability. This count is not due to be dismissed because the issue of immunity is better addressed at the summary judgment stage.

Alabama law provides municipalities with immunity from many claims. Under Alabama Code § 11-47-190, municipalities are immune from tort liability "unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in

the line of his or her duty." Ala. Code § 11-47-190.[5]

Municipalities have been denied immunity under § 11-47-190 when their police officers acted with neglect, carelessness, or unskillfulness in carrying out an arrest by using excessive force. *See Scheuerman v. City of Huntsville, Ala.*, 499 F. Supp. 2d 1205, 1227-28 (N.D. Ala. 2007); *Borders v. City of Huntsville*, 875 So. 2d 1168, 1183-84 (Ala. 2003); *Franklin v. City of Huntsville*, 670 So. 2d 848, 852 (Ala. 1995). In *Scheuerman*, the plaintiff brought a claim against a city after its officer shot him. The officer had first followed the plaintiff in an unmarked car and tailgated the plaintiff who refused to stop, not realizing an officer was pursuing him. Eventually, the plaintiff pulled into a driveway, and the officer followed him, blocking his exit to the road. The officer left his car, and the plaintiff, who could not see the officer, accidentally struck the officer's leg with his car and ran over his foot. The officer then approached the driver's side window and shot the plaintiff at least three times. *Scheuerman*, 499 F. Supp. 2d at 1209-10. The court found this evidence supported the plaintiff's argument that his injuries from being shot were the result of the officer's negligence, carelessness, or unskillfulness and denied the city's motion for summary judgment. *Id.* at 1228.

At this stage of the proceedings, Andalusia is not entitled to immunity under § 11-47-190. Cornelius's complaint alleges that the police officers were negligent in their use of excessive force when they established a roadblock, stopped his car, pointed their guns at him,

---

[5] The statute also provides that municipalities can be held liable for premises liability. Ala. Code § 11-49-190.

detained him for over an hour, and "conducted themselves in a manner below the standard of care inadvertently and with indifference." (Am. Compl. ¶ 35.) In *Schuerman*, a municipality was not entitled to immunity when its officer shot an individual three times, showing that an officer's use of excessive force can be done through neglect, carelessness, or unskillfulness. *See Scheuerman*, 499 F. Supp. 2d at 1227-28. While Cornelius does not specifically state that the police officers acted with "neglect, carelessness, and unskillfulness," he claims that they acted "below the standard of care" with inadvertence and indifference, which sufficiently alleges that the police officers breached the standard of care. Accordingly, Cornelius's claims against Andalusia in this count, while inartfully stated, are not due to be dismissed.

Alabama law provides another layer of immunity for municipalities with regard to actions taken by their peace officers. Peace officers have discretionary function immunity for "tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties." Ala. Code § 6-5-338(a).[6] Municipalities have immunity whenever their peace officers have discretionary function immunity. *Id.* § 6-5-338(b). The Alabama Supreme Court's restatement of the law of state agent immunity is applied to determine whether a peace officer is entitled to immunity under § 6-5-338(a). *Ex Parte City of Tuskegee*, 932 So. 2d 895, 904 (Ala. 2005). Peace officers are entitled to immunity when they are "exercising judgment in the

---

[6] A municipal police officer is a peace officer as defined in the statute. Ala. Code § 6-5-338(a); *see Burdeshaw v. Snell*, 350 F. Supp. 2d 944, 952 (M.D. Ala. 2004).

8

enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons, or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6-5-338(a), Ala. Code 1975." *Hollis v. City of Brighton*, 950 So. 2d 300, 309 (Ala. 2006). An officer is not entitled to discretionary function immunity when the officer acts "willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." *Ex Parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000).

A determination of whether there is discretionary function immunity is properly made at the summary judgment stage when the record is developed. *Hawkins v. City of Greenville*, 101 F. Supp. 2d 1356, 1362 (M.D. Ala. 2000); *Shows v. Morgan*, 40 F. Supp. 2d 1345, 1364 (M.D. Ala. 1999). Making such a determination at the motion to dismiss stage is, accordingly, premature. *Shows*, 40 F. Supp. 2d at 1364. "'The summary judgment stage, then, becomes the step at which the court must determine whether the case should proceed forward, and at which the defendant must meet his burden of showing that the alleged negligence arose out of a discretionary or nonministerial act, in order to avail himself of qualified immunity from suit.'" *Id.* (quoting *Phillips v. Thomas*, 555 So. 2d 81, 86 (Ala. 1989)).

Andalusia asks this court to find that it is entitled to discretionary function immunity under § 6-5-338 for the acts of its officers because they were performing an arrest when they stopped Cornelius. While officers are generally entitled to discretionary function immunity

for arrests, the immunity does not apply if, for example, the arrest was conducted in bad faith or was beyond the officer's authority. Here, Cornelius alleges that Andalusia police officers set up a roadblock, pointed their guns at him, and detained him for over an hour because he had hunted on land near Kipp's. The record, which consists of Cornelius's complaint, is not sufficiently developed for a determination as to whether discretionary function immunity applies. *See Hawkins*, 101 F. Supp. 2d at 1362. Accordingly, the court finds that Count Four should not be dismissed because Andalusia is not entitled to immunity at this time.

  **4.**  **Count Five: State Law Claim of Negligent Training**

  In Count Five, Cornelius alleges Andalusia had a duty to train its policemen in the use of deadly force and failed in this duty. (Am. Compl. ¶¶ 38-39.) However, Alabama courts have not recognized a cause of action against a municipality for negligent training. *See Styron v. City of Foley*, No. 03-0572, 2005 WL 3098926, at *4-5 (S.D. Ala. Nov. 18, 2005); *Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1314-15 (S.D. Ala. 2001).

  Assuming, *arguendo*, there is a cause of action for negligent training against a municipality, Cornelius has not stated a claim for negligent training. An element of a negligent training claim is that the employer is actually or constructively aware of the employee's incompetence before the tort occurred. *See Lane v. Cent. Bank of Ala., N.A.*, 425 So. 2d 1098, 1100 (Ala. 1983). Cornelius does not allege in his complaint that Andalusia was aware that any of the officers involved in the stop were incompetent. Indeed, Cornelius does not even know the names of the Andalusia officers who detained him, making it

impossible for him to argue that Andalusia was aware that any specific officers were incompetent.[7] Cornelius's claim against Andalusia for negligent supervision is due to be dismissed.

### B.  *Kipp's Motion to Dismiss*

Kipp filed a motion to dismiss, claiming Cornelius's complaint should be dismissed because it fails to meet the heightened pleading requirement for § 1983 cases against individual government officials[8] and because Cornelius failed to comply with the court's order for a more definite statement.

The court declines to rule on this motion at this time.  Instead, the court gives Cornelius and his attorney two weeks to file a second amended complaint stating with particularity the claims against Kipp.  The court notes that Cornelius's complaint is an example of shotgun pleading, which the Eleventh Circuit has condemned as violating Rules 8(a) and 10(b).  *See, e.g., Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  For example, in Count One Cornelius claims that "the Defendants" violated Cornelius's civil rights but fails to identify the conduct of any specific defendant that renders any defendant liable.[9]  The court also notes that Cornelius included claims for willfulness against Kipp in

---

[7] While Cornelius makes claims against Kipp, Kipp is a game warden employed by the State of Alabama, not by Andalusia.  Andalusia cannot be held vicariously liable for Kipp's acts.

[8] A heightened pleading requirement applies to § 1983 actions involving claims against individual government officials.  *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1368 (11th Cir. 1998).

[9] Count One seems to include claims against Willis, but there is no evidence that Willis is a state actor against whom § 1983 claims can be brought.

both Count Six and Count Eight but sues Kipp in his individual capacity in Count Six and both in his individual and official capacities in Count Eight. These examples are illustrative and are not intended to serve as an exhaustive list of the complaint's deficiencies.

The court would be remiss if it did not point out that plaintiff's counsel has repeatedly engaged in dilatory behavior. Cornelius never responded to the court's order directing him to show cause why Kipp's motion for a more definite statement should not be granted (Doc. # 8) or to Andalusia's motion to dismiss (Doc. # 19). While Cornelius did respond to Kipp's motion to dismiss at issue here, his response did not address the issues before the court. (Doc. #29.) The response discussed why Kipp was not entitled to qualified immunity and cited the appellate standard of review for a district court's *summary judgment* decision regarding qualified immunity—issues that were not before the court. Cornelius failed to address the issues Kipp raised in his motion to dismiss, *i.e.*, whether the complaint met the heightened pleading requirement at the motion to dismiss stage and whether it should be dismissed for failure to comply with a court order.

Cornelius must file an amended complaint with the court by **December 5, 2007.** If Cornelius fails to file an amended complaint by that date or if the complaint does not state the claims against Kipp with particularity, then the court will dismiss Cornelius's complaint against Kipp. The continued pattern of ignoring court orders may result in sanctions against Cornelius's attorney—including costs and attorney's fees for the responding parties.

## IV. CONCLUSION

Accordingly, it is ORDERED that:

1. Defendant Andalusia's Motion to Dismiss (Doc. #19) is GRANTED with regard to Counts One, Two, Three, and Five. It is DENIED with regard to Count Four, and thus Defendant Andalusia remains a party.

2. The court RESERVES ruling on Defendant Kipp's Motion to Dismiss (Doc. #25).

3. Plaintiff shall file a motion for leave to file a second amended complaint **on or before December 5, 2007**, which must be filed in accordance with Local Rule 15.1. Plaintiff must comply with the court's orders in this case, or the court will strike his complaint as to Kipp as provided in Rule 12(e) and will consider the imposition of sanctions. Defendant Kipp may file an amended motion to dismiss on or before **December 17, 2007.**

DONE this 28th day of November, 2007.

                                             /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE