IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDY CORNELIUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-00312-WKW |
| ) | [wo] |
| CITY OF ANDALUSIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on defendant Keith Kipp's ("Kipp") Motion to Dismiss (Doc. # 29.) On November 27, 2007, this court entered an order reserving ruling on Kipp's motion and ordered the plaintiff to file a second amended complaint on or before December 5, 2007. (Doc. # 34.) The plaintiff did not file an amended complaint with the court. The court finds that Kipp's Motion to Dismiss is due to be granted under Fed. R. Civ. P. 41(b) for plaintiff's failure to comply with court orders.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Randy Cornelius ("Cornelius") filed a complaint against City of Andalusia ("Andalusia"), Kipp, and Andy Willis ("Willis"), claiming that he was improperly detained by the police in Andalusia.[1]

On April 6, 2006, Cornelius filed his original complaint. On April 28, 2006, Kipp

---

[1] The court, in an earlier opinion (Doc. # 34), described the factual circumstances underlying the case and will not detail them here. *See Cornelius v. City of Andalusia*, No. 06-312, 2007 WL 4224036 (M.D. Ala. Nov. 28, 2007).

filed a motion for a more definite statement (Doc. # 4), claiming the complaint was unclear as to whether he was sued in an individual capacity, official capacity, or both and requesting more information about the relationship between Willis and Kipp. On April 29, 2006, Andalusia filed a motion to strike (Doc. # 6) because the complaint included fictitious party pleading and because Cornelius sought punitive damages. On May 2, 2006, this court entered a show cause order (Doc. # 8) directing Cornelius to explain why the pending motions should not be granted. Cornelius never responded to this motion, and the court granted both motions. (Doc. # 11.)

On July 13, 2006, Cornelius filed his amended complaint (Doc. # 16) with the allegations set forth above. In the amended complaint, Cornelius removed the fictitious party pleading and punitive damages claims. Defendants Andalusia and Kipp each filed a motion to dismiss the amended complaint. (Docs. # 19 & # 25.) Cornelius filed a response to Kipp's motion to dismiss (Doc. # 29) but not to Andalusia's. On November 28, 2007, the court entered an order (Doc. # 34): (1) granting in part and denying in part Andalusia's motion to dismiss and (2) reserving ruling on Kipp's motion to dismiss. The court ordered Cornelius to file a second amended complaint that complied with the court's orders on or before December 5, 2007 and warned Cornelius that it would dismiss his complaint against Kipp if he did not comply. Cornelius has not filed an amended complaint.

## II. DISCUSSION

A court can dismiss an action under Federal Rule of Civil Procedure 41(b) "[f]or failure of the plaintiff . . . to comply with . . . any order of court." Fed. R. Civ. P. 41(b). This

sanction may be imposed *sua sponte*. *See, e.g., Brown v. Tallahassee Police Dep't*, 205 Fed. Appx. 802, 802 (11th Cir. 2006).

Dismissal under Rule 41(b) is appropriate when "there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). In *Williams*, the court dismissed a complaint with prejudice because it found there was a record of willful contempt and that lesser sanctions would not suffice when: (1) the plaintiff had failed to respond to a motion for a more definite statement, (2) failed to file an amended complaint on time, (3) eventually filed an almost identical amended complaint, and (4) failed to defend a motion. The court had warned the plaintiff on two previous occasions that his complaint could be dismissed. *Id*.

In this case dismissal is appropriate because Cornelius has a clear record of delay and a lesser sanction would not suffice. First, Cornelius failed to comply with the court's order that he file a second amended complaint on or before December 5, 2007. Cornelius never responded to the court's show cause order (Doc. # 8) regarding Kipp's motion for a more definite statement or to Andalusia's motion to dismiss (Doc. # 19). He failed to respond to the court's order for a more definite statement (Doc. # 11) by not including information regarding the relationship between Willis and Kipp in his first amended complaint. While Cornelius did respond to Kipp's motion to dismiss (Doc. # 25), his response did not address the issues before the court (Doc. # 31). Cornelius discussed why Kipp was not entitled to qualified immunity and cited the appellate standard of review for a district court's *summary judgment* decision regarding qualified immunity, but he failed to address the issues of

whether the complaint met the heightened pleading requirement at the motion to dismiss stage and whether it should be dismissed for failure to comply with a court order. When the court ordered Cornelius to file a second amended complaint, it warned him that his claims against Kipp could be dismissed for his failure to comply with the court's orders. Because Cornelius has consistently failed to comply with the court's orders, the court finds that dismissal is appropriate and a lesser sanction would not suffice.

### III. CONCLUSION

Accordingly, it is ORDERED that:

1. Kipp's motion to dismiss (Doc. # 25) is granted.

2. Cornelius's claims against Kipp are DISMISSED without prejudice.

3. Kipp is terminated as a party. Defendants City of Andalusia and Andy Willis remain as parties.

DONE this 6th day of December, 2007.

                                        /s/  W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE