IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RANDY CORNELIUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-00312-WKW |
| | ) | [wo] |
| CITY OF ANDALUSIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On December 6, 2007, the court entered an order (Doc. # 40) dismissing plaintiff's claims against Defendant Keith Kipp for plaintiff's failure to comply with a November 28, 2007 court order that required plaintiff to file an amended complaint by December 5, 2007. Later that day, plaintiff filed a Motion to Continue (Doc. # 42), asking for additional time to file an amended complaint. As grounds for the motion to continue, plaintiff's counsel explained that he is a solo practitioner and missed the deadline because he was occupied with other matters. For the reasons set forth below, plaintiff's Motion to Continue will be GRANTED. The court also determines that plaintiff's counsel, John Scott Hooper, is subject to sanctions.

The court notes that under Federal Rule of Civil Procedure 6(b), a motion to continue after time has expired is evaluated under an "excusable neglect" standard. The Eleventh Circuit has found a district court did not abuse its discretion by refusing to extend time when an attorney missed a deadline because he was a solo practitioner busy with other cases. *See*

*McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981). Accordingly, it would not be an abuse of discretion here to deny plaintiff additional time to file.

However, if the court denied plaintiff's motion here, it would be punishing the plaintiff himself, not his attorney, for the attorney's failure to comply with court orders. Instead, the court concludes that the extension of time should be granted and sanctions imposed against the plaintiff's attorney, John Scott Hooper.

A federal court has the inherent power to impose sanctions on attorneys. *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006). "The key to unlocking a court's inherent power [to order sanctions] is a finding of bad faith." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (internal quotation marks omitted). Here, the court finds that plaintiff's attorney, John Scott Hooper, acted in bad faith by repeatedly failing to obey court orders. Hooper failed to timely file a second amended complaint even after the court warned him (Doc. # 34) that failure to comply with a court order could result in dismissal of the complaint or sanctions against him. As the court described in an earlier opinion (Doc. # 40), the plaintiff has failed to respond to a show cause order (Doc. # 8) and a motion to dismiss (Doc. # 19). While the plaintiff filed a response (Doc. # 29) to Defendant Kipp's motion to dismiss, the response failed to address the issues before the court. Because of the repeated failure to comply with court orders, the court determines that Mr. Hooper has acted in bad faith and that sanctions are appropriate.

A court must afford a sanctioned party due process, which requires the court to give

the party fair notice that its conduct could warrant sanctions. *Sunshine*, 456 F.3d at 1306-07. In *Sunshine*, the Eleventh Circuit determined that a party's "blatant disregard" for court orders is "itself notice." *Id.* at 1367. Here, attorney Hooper ignored a number of court orders, including one that warned him that his failure to comply could result in the imposition of sanctions. Accordingly, the court concludes that the imposition of sanctions comports with due process.

The court imposes sanctions against attorney Hooper because he has acted in bad faith by repeatedly engaging in dilatory conduct. His failure to comply with court orders has impacted Defendant Keith Kipp and his attorney, and, therefore, attorney Hooper will be ordered to pay the $300 to the State of Alabama, in care of the assistant attorney general who represents Defendant Kipp.

Accordingly, it is ORDERED that:

1. Plaintiff's Motion to Continue (Doc. # 42) is GRANTED.

2. The court's Memorandum Opinion and Order (Doc. # 40) is WITHDRAWN. Defendant Keith Kipp is reinstated as a party.

3. Plaintiff shall file a motion for leave to file an second amended complaint **on or before January 7, 2008**, which must be filed in accordance with Local Rule 15.1.

4. Defendant Keith Kipp may file an amended motion to dismiss **on or before January 21, 2008.**

5.  Counsel for the plaintiff shall pay $300 to the State of Alabama as a sanction for his failure to comply with court orders **on or before January 7, 2008**.  Counsel for the plaintiff shall file written notification with the court upon payment.

DONE this 19th day of December, 2007.

                                        /s/  W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE