IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| RANDY CORNELIUS, | § | |
| | § | |
| | § | |
| PLAINITFF | § | JURY TRIAL DEMANDED |
| | § | CASE NO. |
| VS | § | CV No.   2:06-cv-312 |
| | § | |
| THE CITY OF ANDALUSIA; | § | |
| | § | |
| ANDY WILLIS; and KEITH KIPP | § | |
| | § | |
| DEFENDANTS | § | |

## SECOND AMENDED COMPLAINT

COMES Now Plaintiff and amends the complaint in its entirety and substitutes this second amended complaint.

COMES NOW, the Plaintiff, in the above styled case and makes claim against the City of Andalusia, Alabama, Andy Willis, and Keith Kipp as follows:

## JURISDICTION

This Court has jurisdiction of this case pursuant to 42 U.S.C. §§1983;1988;28 U.S.C. §§1331, 1343 (a) ( 3 & 4) and the Fourth Amendment and Fourteenth Amendment of the United States Constitution. The Plaintiffs also requests this Honorable Court to accept pendent jurisdiction of any and all claims arising out of state law pursuant to 28 U.S.C. §1367.

## PARTIES

1. The Plaintiff, Randy Cornelius, hereinafter referred to as Cornelius or Plaintiff is over the age of nineteen and a resident of Andalusia, Alabama.

2. The first Defendant is an incorporated municipality existing in

Covington County, Alabama and subject to the claims made herein and the jurisdiction of this court as defined by 42 USC § 1983, herein after referred to as "Defendant" or "City".

3. The second Defendant is an individual residing in Andalusia, Alabama in Covington County, Alabama hereinafter to as Willis or Defendant.

4. The third Defendant is an individual employed as a "game warden" employed by the State of Alabama residing in Covington County, Alabama and subject to the claims made herein and the jurisdiction of this court defined by 42 USC § 1983, herein referred to as Defendant or Kipp.

## FACTS

5. On November 13, 2004, the Plaintiff, Randy Cornelius and Casey Johnson were hunting deer on land leased by Plaintiff Cornelius in Covington County, Alabama near Andalusia, Alabama.

6. Cornelius and Casey Johnston hunted from early afternoon until sundown. When the hunt was over, they left the hunting area and met back at the car owned by Cornelius and attempted to leave the property.

7. Upon reaching the exit driveway to enter a public road named Fletcher Road North of Andalusia, Alabama, a man in a truck was blocking the exit of the leased land. Cornelius politely asked the man to move to allow his vehicle to be able to exit, but the man, whom was made to be known later as Andy Willis, would not move and continued to block the vehicle of Cornelius.

8. Cornelius was able to drive into the ditch next to the driveway and eventually exit the property and traveled south toward Andalusia in spite of the conduct of Willis.

9. The vehicle and person in the truck that had been blocking Plaintiff, followed Plaintiff and placed its bright lights on following Plaintiff closely in a dangerous manner partly blinding Plaintiff while driving putting Plaintiff and

**Johnston in danger of having a wreak due to the bright lights temporally blinding Plaintiff while driving.**

**10.     Cornelius stopped his vehicle, exited the car, and walked back toward the vehicle following Plaintiff and Johnston and the truck backed up in a northerly direction away from Plaintiff and Defendant Willis would not confront Plaintiff Cornelius.**

**11.     Cornelius reentered his vehicle and Plaintiff continued toward Andalusia into the city limits and came upon a roadblock with police cars blocking the entire Fletcher Road with the blue lights running.**

**12.     Policemen had their weapons drawn and were pointing the same at Plaintiff and Johnston Policemen were yelling at Plaintiff demanding that Cornelius exit the vehicle and place his hands on his head.**

**13.     Plaintiff was shocked at the conduct of the policemen and asked why this was happening. The police continued to point the weapons at Plaintiff and Johnston and intensified their demands that Cornelius comply with their orders to exit the vehicle and surrender. One policeman began shaking while pointing his service weapon at Cornelius.**

**14.     Cornelius became fearful that he would be shot by the police believed he was in imminent danger of his life and may suffer serious bodily harm or death. Plaintiff complied with the demands of the police. He was approached by Defendant Keith Kipp, and Defendant Kipp placed hand cuffs on Cornelius while in the public road, and made Cornelius bend over the trunk of his vehicle for an extended period of time of about one hour while the police searched the vehicle. Casey Johnston was allowed to remain in the vehicle on the passenger side of the car.**

**15.     The man that had been following Cornelius had come to the roadblock and observed the activities and conferred with Defendant Kipp about the situation.**

**16.     Cornelius was questioned about his authority of being on the land mentioned herein and other information to the police about his lease and authority to occupy the land for hunting.**

17. After a period of time, while threatened by Police and Kipp, Defendant Kipp removed the handcuffs from Cornelius and Plaintiff and Johnston were allowed to leave the scene.

18. Cornelius was not able to drive for a while because of the trauma suffered during the "felony stop" by the police and treatment from Kipp. Cornelius was able to eventually collect his faculties and did drive from the scene.

19. It was later discovered that Defendants Willis and Kipp were close friends, have a confidential relationship, and do hunt together on a regular basis on the land adjacent to the land Plaintiff utilizes for hunting. Willis belongs to a group of hunters that leases land across the road from the leased land by Cornelius, and that Defendant Willis made a cell phone call to Kipp for the purpose of arresting Plaintiff.

20. Plaintiff has suffered trauma, mental anguish, public embarrassment, fear of serious bodily harm or death, and anticipation of serious bodily harm or death.

## COUNT ONE
## 42 U.S.C. SECTION 1983
## VIOLATION OF CIVIL RIGHTS BY
## DEFENDANT KIPP and DEFENDANT WILLIS

21. Plaintiffs reallege the prior paragraphs in this count as if stated herein in full.

22. All citizens are entitled to protection of the constitution and amendments to the same. Plaintiff is a citizen and has an entitlement of protection of the constitution and civil rights amendments.

23. The actions of the Defendant Kipp and Defendant Willis named in this action have violated and deprived Plaintiff of his Fourth Amendment rights by the wrongful use of deadly force as a seizure upon the person of the

**Plaintiff without cause or justification. Defendant Willis is a private person that did act under the color of law by detaining Plaintiff and did make a phone call to Defendant Kipp who is a State actor to further the act that did violate Plaintiff's rights secured by the Constitution or laws of the United States. Defendant Kipp and Defendant Willis conspired to "run off" hunters in the area that Plaintiff was hunting so as to preserve the wildlife on the property that Willis and Kipp hunt game on a regular basis.**

24. A conspiracy exists as to Willis and Kipp as Kipp's duty by his employer's policy or custom to arrest "poachers" or persons trespassing and hunting game on another's property. Kipp has a personal interest in the block of property hunted by Plaintiff and to further that interest did stop, point a deadly weapon at Plaintiff, place handcuffs on the person of Plaintiff, arrest and detain Plaintiff in an insulting manner without cause or justification. Willis and Kipp had knowledge that Plaintiff was hunting on property adjacent to the property hunted by Willis and Kipp. The action taken against Plaintiff, by Kipp, acting under his employer's policy did violate Plaintiff's Constitutional rights.

25. The actions of Defendants named in this action have violated and deprived Plaintiff of his Fourteenth Amendment rights of due process.

**WHEREFORE, Plaintiff demands compensation damages in the amount of One Million Dollars, punitive damages as a jury deems reasonable, attorney's fees, plus costs.**

## COUNT TWO
## VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS BY DEFENDANT KIPP

26. Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

27. All citizens possess protection of the constitution and amendments to the same. Plaintiff is a citizen and has an entitlement of protection of the constitution and civil rights amendments.

28. The actions of the Defendant Kipp named in this action have violated and deprived Plaintiff of his Fourth Amendment rights by the wrongful use of deadly force as a seizure upon the person of the Plaintiff without cause or justification.

29. As a result of the actions of Defendant Kipp, Plaintiff has been injured and damaged as described in paragraph twenty above.

WHEREFORE, Plaintiff demands compensation damages in the amount of One Million Dollars, punitive damages as a jury deems reasonable, attorney's fees, plus costs.

PLAINTIFF PRAYS THIS COURT TO TAKE JURISDICTIION OVER THE FOLLOWING STATE CLAIMS

COUNT THREE

NEGLIGENCE by DEFENDANT CITY OF ANDALUSIA

33. Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

34. Defendant Kipp and the Defendant City of Andalusia policemen were acting in an official capacity as trained policeman employed by the Defendant City of Andalusia and the State of Alabama. Defendants City of Andalusia have a duty to the public in the use of deadly force upon citizens.

35. The policemen yet unknown to Plaintiffs at this time but are liable to

Plaintiff, conducted themselves in a manner below that standard of care, bad faith, inadvertently, and with indifference in the seizure of Cornelius and did breach the duty owed to Cornelius and Johnston and the public at large.

36.     As a result of the breach of the duty owed to Plaintiffs by Defendants, Plaintiffs have been injured and damaged.

WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama 11-47-190, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.

## COUNT FOUR
## WILLFULNESS by WILLIS and KIPP

41.     Plaintiff realleges all prior paragraphs into this count as if stated herein in full.

42.     Defendants Kipp and Willis, acting in their individual capacities, did intentionally and willfully act against Plaintiff in a calculated manner to cause harm, injure, and or cause death to Plaintiff.

WHEREFORE, Plaintiff demands of Defendants Willis and Kipp a judgment of One Million Dollars ($1,000,000.00), attorney fees, plus costs.

## COUNT FIVE

## WANTONNES AGAINT WILLIS

43.     Plaintiffs reallege the prior paragraphs in this count as if stated herein in full.

44.     Defendant Willis made a false report intentionally to his hunting companion Kipp with the intent to cause harm, to Plaintiff. The actions by Willis were intentional and calculated to inflict emotional distress, bodily injury, and or death to Plaintiff.

45.     Defendant Willis knew that Defendant Kipp would arrest and incarcerate Plaintiff, by force, and cause damages to Plaintiff and the same was planned and schemed by Defendants Willis and Kipp.

**WHEREFORE, Plaintiff demands compensation damages of One Million Dollars, and punitive damages as a jury deems reasonable, plus costs.**

## COUNT SIX

## WANTONNES AGAINT KIPP

46.     Plaintiffs reallege the prior paragraphs in this count as if stated herein in full.

47.     Defendant Kipp, acting in an individual capacity did summon City of Andalusia's policemen with intent to arrest Plaintiff, with deadly force, and to cause harm to Plaintiff. The actions by Kipp were intentional and calculated to inflict emotional distress, bodily injury, and or death to Plaintiff.

48.     Defendant Kipp knew that Defendant City's employees would arrest and seize Plaintiffs, by force, and cause damages to Plaintiff and the same was planned and schemed by Defendants Willis and Kipp to use City's employees to stop and incarcerate Plaintiffs wrongfully.

**WHEREFORE, Plaintiffs demand compensation damages of One Million Dollars, punitive damages as a jury deems reasonable, plus costs.**

**/s/ J. Scott Hooper**
**J. Scott Hooper, Attorney for Plaintiff**

**of counsel:**
**The Hooper Law Firm, PC**
**P.O. Box 230894**
**Montgomery, AL 36123-0894**
**334-271-1555 Office**
**334-271-1552 Facsimile**
**jshooper@knology.net**

### JURY DEMAND VENUE AND JURISDICTION

**Plaintiff demands trial by jury on all counts of this action. This court has jurisdiction of the subject matter of this claim and the parties named herein and venue is proper.**

                              **/s/J. Scott Hooper**

**CERTIFICATE OF SERVICE**

  I, J. Scott Hooper, hereby certify that on January 7, 2008, I electronically served a copy of this document upon the clerk of this Honorable Court and the same is electronically served upon:

**James H. Pike**　　　　　　　**jpike@comm-shealy.com**

**Michael S. Burroughs**　　　**efile@dbtech.net**

**William A. Gunter**　　　　　**william.gunter@dcnr.alabama.gov**


            /s/ J. Scott Hooper