IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| RANDY CORNELIUS, | § |
| PLAINITFF | § |
| VS | § CASE NO. 2:06-CV-00312-WKW |
| THE CITY OF ANDALUSIA et al | § |
| Defendants | § |

### RESPONSE OF PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY COUNSEL SHOULD NOT BE HELD IN CONTEMPT

COMES Now J. Scott Hooper, counsel for Plaintiff, and respectfully responds to the Court and shows the following why counsel should not be held in contempt for non compliance with the prior order of the court:

Counsel was ordered to file motion for leave to amend Plaintiff's complaint and to file Plaintiff's amended complaint by January 8, 2008.

Counsel attempted in good faith to comply with the Order of the Court and to file the Motion for Leave to Amend Complaint with the Plaintiff's Second Amended Complaint as an attachment on January 7, 2008. (Document # 52) However, Plaintiff's counsel filed the Motion with a flaw in that Plaintiff's Counsel failed to include a signature with the Certificate of Service and the pleading was defective.

Plaintiff's Counsel was contacted by the personnel of the Clerk's Office of the defect on January 8, 2008 and was told to email the pleading as an non-PDF document for further handling by the Clerk for correction. This was done and the Clerk filed documents #55 and #56 to correct the improper filing by Plaintiff's Counsel on January 9, 2008. It was not until January 9, 2008 when Plaintiff's Counsel was allowed to file the amended complaint after the correction was executed in Document #56 by the Clerk. Shortly thereafter, Plaintiff's Counsel electronically filed Document #58 when Counsel was notified by the Clerk to do so.

Because of the filing of Document #52 which had an error, Counsel was not able to have the problem corrected in time for compliance with the Orders of the Court due to the procedures of having Document #52 struck and then allowed to file the Corrected Pleading of Document #55 and Document #58 which were done so on January 9, 2008. But for the diligent efforts of the Clerk's personnel to assist Counsel, this problem would remain and Counsel would be in a further delinquency. Counsel made a good faith effort to comply with the orders of the Court and Counsel has committed excusable neglect.

Counsel request the Court to accept this explanation as to the reason for the non compliance and to excuse Counsel for the failure to comply with the Order of the Court. Counsel has attended the CM/ECF Training session twice in the past to attempt to become efficient with the electronic filing system but it seems that was not adequate. Counsel will rely more on the Clerk's Office for compliance in the future.

Respectfully submitted this the 15th day of January 2008.

/s/J. Scott Hooper

of counsel:
The Hooper Law Firm, PC
P.O. Box 241493
Montgomery, AL 36124-1493
334-271-1555 Office
334-271-1552 Facsimile
jshooper@knology.net

Certificate of Service

The Clerk of this Court will electronically notify all applicable parties and or respective counsel at the filing of this document to the following:

Michael S. Burroughs
Burroughs & Guin, LLP
P.O. Box 1908
Tuscaloosa, AL 35403

James H. Pike
Shealey Crum & Pike
P.O. Box 6346
Dothan, AL 36302-6346

**William Adams Gunter, IV**
Alabama Dept. of Conservation & Natural Resources
64 North Union Street
Room 474
Montgomery, AL 36130
334-242-3254
242-3167 (fax)
william.gunter@dcnr.alabama.gov

/s/ J. Scott Hooper