**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **RANDY CORNELIUS, et al** ) | |
| ) | **Case No.: 2:06 cv 312- WKW** |
| **Plaintiffs,** ) | |
| ) | |
| **V.** ) | |
| ) | |
| **CITY OF ANDALUSIA, ALABAMA et al.** ) | |
| ) | |
| **Defendants.** ) | |

## KIPP'S BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS

Defendant Keith Kipp (hereinafter "Kipp") respectfully submits this brief in support of his amended motion to dismiss the complaint:

### Introduction

On June 15, 2006, this court ordered the plaintiff to "correct the defects outlined in the defendant's motion [for more definite statement]; specifically, the amended complaint shall state: (a) whether the defendant Kipp is sued in his official or individual capacities or both; (b) additional facts regarding defendant Kipp for the purpose of determining whether he is entitled to qualified immunity…" (Doc. # 11). Thereafter, the plaintiff filed his amended complaint (Doc. # 16) which was followed by Kipp's' motion to dismiss (Doc. # 25). On November 28, 2007, the court declined to rule on Kipp's motion but ordered Cornelius to again amend his complaint to state "with particularity" his complaint against Kipp (Doc. # 34). Thereafter, Cornelius eventually filed his second amended complaint (Doc. # 53). As will be shown below, the amended complaint failed to comply with the court's orders.

**Standard of Review:**

Federal Rule 12(b)(6) permits litigants to move to dismiss complaints which fail to state a claim upon which relief can be granted. The Court accepts plaintiff's allegations as true and construes the complaint in plaintiff's favor. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) . The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

The pleading requirements of the Federal Rules of Civil Procedure normally require only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and "'fair notice of what [his] claim is and the grounds upon which it rests. " *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

The Eleventh Circuit applies "a heightened pleading standard to § 1983 actions brought against individuals to whom qualified immunity is available as a defense." *Lawson v. Curry,* No. 07-10474, 2007 WL 2287820, at 1 (11th Cir. Aug. 10, 2007) (citing *Swann v. S. Health Partners, Inc.,* 388 F.3d 834, 838 (11th Cir.2004)). "'[W]hile Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim.' *GJR Invs. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir.1998).

**Count I, § 1983:**

Count I of the second amended complaint is just as obtuse concerning Kipp's capacity as the first amended complaint. In paragraph 23 of the second amended complaint Kipp is described as a "State actor". The first sentence of the next paragraph states as follows: "A conspiracy exists as to Willis and Kipp as Kipp's duty by his employer's policy or custom to arrest "poachers" or persons trespassing and hunting game on another's property (sic).." Then in the same paragraph: "The action taken against Plaintiff, by Kipp, acting under his employer's policy did violate Plaintiff's Constitutional rights". From these allegations it is impossible to determine if Kipp is sued individually or in his official capacity for "acting under his employer's policy". Thus the plaintiff failed to comply with the court's order regarding specifying the capacity in which Kipp is sued.

Furthermore, plaintiff failed to allege with particularity sufficient facts to support his new allegation of a conspiracy. In *Sannders-Alloway v. Mabry,* 2007 WL 4571201 (M.D. Ala December 26, 2007), Judge Coody dismissed a conspiracy claim brought under § 1985 and wrote as follows:

> Finally, and perhaps more importantly, regardless of whether her theory of recovery is a § 1983 or § 1985 conspiracy, the plaintiff alleges no facts that the parties reached an agreement to violate her constitutional rights. *See Dickerson v. Alachua County Comm'n,* 200 F.3d 761, 767 (11th Cir.2000) ( "In order to establish a § 1985(3) conspiracy claim, [the plaintiff] must show an agreement between "two or more persons" to deprive him of his civil rights."); *Strength v. Hubert,* 854 F.2d 421, 425 (11th Cir.1988) ("To establish a prima facie case of conspiracy to violate rights protected by § 1983, a plaintiff must demonstrate that the defendants " 'reached an understanding' to violate his rights."); *Harvey v. Harvey,* 949 F.2d 1127, 1133 (11th Cir.1992) (merely "stringing together" acts, without showing contacts between private person and state actors which could prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).
> A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations of a conspiracy. *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir.1984). "In conspiracy cases, a defendant must be informed of the nature

of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman,* 739 F.2d at 557.

In this count all Cornelius' allegations of conspiracy are conclusory, vague, unintelligible or all three and there is no allegation at all that Willis and Kipp "reached an understanding" to violate Cornelius' constitutional rights. Any reading of this count of Cornelius' complaint compels the conclusion that it fails the heightened pleading requirements of § 1983 cases against public officials and, consequently it should be dismissed.

**Count II, Fourth Amendment claim.**

Cornelius' apparently failed to read the court's order dismissing his direct claims against the City of Andalusia under the Fourth and Fourteenth Amendments wherein the court stated in pertinent part: "...Cornelius cannot sue a state actor directly under these amendments." (Doc. # 34, page 6). His action in brining another direct Fourth Amendment claim against Kipp after such an admonishment by the court is baffling. This count should be dismissed.

**II. State Law Claims.**

The court should decline to exercise supplementary jurisdiction over plaintiff's state law claims. Since the plaintiff's federal claims are due to be dismissed for failure to state a claim, the court should exercise its discretion to also dismiss the pendent state law claims. This policy has been encouraged by the Eleventh Circuit. See *Shortz v. United Parcel Service, 179* Fed.Appx.. 644, FN 1, (11th Cir. 2006).

**CONCLUSION**

For all of the above noted reasons, Kipp respectfully moves the court to dismiss the complaint for failure to state a claim upon which relief can be granted.

                                                                            Respectfully submitted,

                                                                            /s/ William A. Gunter
                                                                            _____
                                                                            William A. Gunter (GUN005)
                                                                            Deputy Legal Counsel for Kipp

Alabama Department of Conservation
and Natural Resources
Room 474
64 North Union Street
Montgomery, AL 36130
(334) 242-3254 (Office)
(334) 242-3167 (Fax)
William.Gunter@dcnr.alabama.gov (e-mail)

# CERTIFICATE OF SERVICE

      I hereby certify that on January 21, 2008 l electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, Alabama 36123-0894

Michael S. Burroughs
Burroughs & Guin, L.L.P.
P.O. Box 1908
Tuscaloosa, Alabama 35403-1908

James H. Pike
Cobb, Shealy, Crum & Derrick, P.A.
P.O. Box 6346
Dothan, Alabama 36302-6346

                                                                           Respectfully submitted,

                                                                           s/ William A. Gunter
                                                                           William A. Gunter (GUN005)