IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RANDY CORNELIUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-00312-WKW |
| | ) | [wo] |
| CITY OF ANDALUSIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Amended Motion to Dismiss (Doc. # 61) filed by Defendant Keith Kipp ("Kipp"). For the reasons set forth below the court finds that this motion is due to be DENIED.

**I.  FACTS AND PROCEDURAL HISTORY**

While the court has previously laid out the facts underlying this case, (*see* Doc. # 34), it will, for clarity, reiterate the relevant procedural history. Plaintiff Randy Cornelius ("Cornelius") filed a complaint against Kipp, Andy Willis ("Willis"), and City of Andalusia.[1] Shortly after being served with the complaint, Kipp filed a Motion for a More Definite Statement (Doc. # 4) alleging that Cornelius's complaint was a shotgun pleading. Cornelius failed to respond, and the motion was granted (Doc. # 11). Approximately a month later, Cornelius filed an Amended Complaint (Doc. # 16), and Kipp responded with a Motion to Dismiss the Amended Complaint (Doc. # 25). The court entered an order (Doc. # 34)

---

[1] Cornelius subsequently voluntarily dismissed the City of Andalusia as a party. (*See* Doc. # 64.)

reserving ruling on Kipp's Motion to Dismiss and requiring the plaintiff to file a second amended complaint. Because Cornelius failed to file a second amended complaint within the time set forth in the order, on December 6, 2007, the court dismissed Cornelius's claims against Kipp (Doc. # 40). Later that day, Cornelius moved for a continuance (Doc. # 42), and the court withdrew its order dismissing Kipp as a party (Doc. # 45). On January 9, 2008, Cornelius filed his Second Amended Complaint (Doc. # 58), and on January 21, 2008, Kipp made the instant motion. (Doc. # 63.)

## II. STANDARD FOR DISMISSAL

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1964-65 (citations omitted); *see also Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (stating that the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff).

## III. DISCUSSION

In the Amended Motion to Dismiss, Kipp seeks dismissal of Cornelius's complaint

because Cornelius has failed to comply with previous court orders and failed to state a claim. Kipp argues that (1) the complaint fails to comply with an earlier court order to explain whether Kipp is sued in his official capacity, individual capacity, or both; (2) the complaint fails to state a claim for conspiracy; (3) Cornelius's claim brought directly under the Fourth Amendment claim is due to be dismissed; and (4) the court should decline to exercise supplemental jurisdiction over Cornelius's state law claims. The court analyzes each of these arguments in turn.

*A.    Failure to Comply*

Kipp first alleges that Cornelius has failed to comply with the court's order to clarify whether for the § 1983 claim Kipp is sued in his official capacity, individual capacity, or both. Dismissal for failure to comply with court orders is appropriate when "there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

A party can be sued in both his individual and official capacities, and the failure to state explicitly in which capacity a person is being sued in is not necessarily fatal to a claim. *See Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1023 n.4 (11th Cir. 2001). Moreover, the capacity in which a party is sued does not need to be stated in the caption of the case. *Id.*

Here, Cornelius alleges a claim under § 1983 against Kipp in both his official and individual capacities. Cornelius's initial complaint was a shotgun pleading, which alleged "[t]he actions of the Defendants named in this action have violated and deprived Plaintiff of

his Fourth Amendment rights." (Compl. ¶ 25.) With the Second Amended Complaint, Cornelius has clarified his allegations against Kipp and included specific facts. Even if Cornelius failed to comply with the court's order by not explicitly stating in what capacity Kipp is sued, dismissal would be an unwarranted, draconian remedy given that there is no requirement that a plaintiff explicitly state in what capacity a defendant is sued.

B.   *Failure to State a Claim*

Kipp also argues that Cornelius's § 1983 claim is due to be dismissed for failure to state a claim alleging conspiracy. To survive a motion to dismiss, a complaint alleging a conspiracy to violate § 1983 must inform a defendant "of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984); *see also Sanders-Alloway v. Mabry*, No. 06-419, 2008 WL 552648, at * 5 (M.D. Ala. Feb. 27, 2008). Kipp relies on *Sanders-Alloway* to establish that Cornelius's allegations are conclusory and insufficient to state a claim for conspiracy. In *Sanders-Alloway*, the plaintiff alleged a conspiracy but "presented no facts that even remotely establish that the defendant entered into a conspiracy to violate her constitutional rights." *Id.*

In his complaint, Cornelius alleges that Kipp and Willis reached an agreement "to 'run off' hunters in the area that Plaintiff was hunting so as to preserve the wildlife on the property that Willis and Kipp hunt game on a regular basis." (Second Am. Compl. ¶ 23.) Additionally, Cornelius claims that Willis followed Cornelius in his vehicle until Cornelius

came upon the road block where Kipp was waiting. (*Id.* ¶¶ 9-11.) Upon arriving at the roadblock, Willis discussed the situation with Kipp. (*Id.* ¶ 15.) Based on these facts, Cornelius has alleged that Kipp and Willis agreed to violate Cornelius's civil rights to harass him and prevent him from hunting on land near theirs. Cornelius is not relying on conclusory allegations and has presented facts to support his claim.

C. *Fourth Amendment Claim*

Kipp seeks dismissal of Cornelius's claim alleging a violation of the Fourth Amendment. This court previously dismissed a similar claim against the City of Andalusia because claims cannot be brought against a party directly under the Fourth Amendment (Doc. # 34), and the court finds that Count Two of the Second Amended Complaint is due to be dismissed for the same reasons.

D. *Supplemental Jurisdiction*

Finally, Kipp argues that the court should decline to exercise supplemental jurisdiction over Cornelius's state-law claims. Because Cornelius's § 1983 claim remains, the court will exercise supplement jurisdiction.

## IV. CONCLUSION

To summarize, Counts One, Four, Five, and Six of the Second Amended Complaint are not due to be dismissed. Count Two is due to be dismissed because a claim cannot be brought directly under the Fourth amendment. Count Three has already been dismissed because it included a claim against Andalusia, which was dismissed in an earlier order.

Accordingly, it is ORDERED that:

1. Defendant Kipp's Amended Motion to Dismiss (Doc. # 62) is GRANTED with regard to Count Two of Cornelius's Second Amended Complaint (Doc. # 58). It is otherwise DENIED.

2. Defendant Kipp shall file an answer **on or before May 23, 2008.**

DONE this 9th day of May, 2008.

                          /s/   W.  Keith Watkins
                        UNITED STATES DISTRICT JUDGE